FILED
U.S. Bankruptcy Court
Western District of NC

APR 1 3 2005

David E. Welch, Clerk
Asheville Division

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re:<br><br>    GEORGE M. MATTA and PAIGE<br>    E. MATTA,<br>           Debtor(s). | Case No. 03-11017  SYM<br>Chapter 7 |
| LOEF FAMILY ENTERPRISES, et al.<br><br>           Plaintiff,<br><br>v.<br><br>GEORGE M. MATTA and PAIGE E.<br>MATTA,<br>           Defendants. | Adversary Proceeding<br>No. 04-01011<br><br><br><br>JUDGMENT ENTERED ON APR 1 3 2005 |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the court on defendants' Motion To Alter Or Amend Judgment seeking modification of the courts' Order and Judgment filed February 1, 2005, which determined this adversary proceeding. After reviewing the motion, the prior Order and arguments of counsel, the court has concluded to grant the Motion in part and deny it in part as follows:

1. Denial Of Discharge v. Dischargeability: The parties appear to agree that the relief sought by the plaintiff is only the nondischargeability of the debtors' debt to it—and not denial of the debtors' discharge of other debts. So, the court will amend its Judgment accordingly.

2. Damages: It appears that the amount of damages stated in the original Order and Judgment was incorrect. The proper amount of damages due plaintiff is $63,000.00, and the Judgment shall be amended accordingly.

3. Judgment Against Paige Matta: Defendants assert that there should be no Judgment for damages or nondischargeability against Paige Matta because she was not an obligor of the plaintiff because she did not sign their promissory note, and

therefore, the nondischargeability provisions of the Code are not applicable to her. The court must disagree. The evidence supported the finding that Paige Matta signed the stock pledge agreement and then participated in the sale of the pledged stock. Therefore, she was a participant in the conversion of the pledged stock and is subject to damages for that tortuous act. That makes her indebted to the plaintiff (and the plaintiff her "creditor"). Consequently, the Code provisions regarding nondischarge and nondischargeability are applicable to her. For that reason, the court will not modify its Judgment in this regard.

*George R. Hodges*
Dated as of date entered
U. S. Bankruptcy Judge